11-2672-ag
Lin v. Holder

BIA
Hom, IJ
A088 350 749

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand thirteen.

PRESENT:
    JOHN M. WALKER, JR.,
    REENA RAGGI,
    SUSAN L. CARNEY,
        *Circuit Judges.*

_____

LING LIN,
        *Petitioner,*

        v.                                          11-2672-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Jennifer P. Williams,
                       Senior Litigation Counsel; Lauren E.
                       Fascett, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ling Lin, a native and citizen of the People's Republic of China, seeks review of a June 6, 2011 order of the BIA that affirmed the March 20, 2009 decision of an Immigration Judge ("IJ"), denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ling Lin*, No. A088 350 749 (B.I.A. June 6, 2011), *aff'g* No. A088 350 749 (Immig. Ct. N.Y. City Mar. 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency relied on an inconsistency and similarities between Lin's statement and statements provided by her

mother and boyfriend to find her not credible. Petitioner challenges both bases for the determination. Assuming without deciding that the IJ's inconsistency finding was flawed, we nonetheless uphold the agency's determination. Remand is not appropriate when "there is no realistic possibility that, absent the error[], the IJ or BIA would have reached a different conclusion" regarding Lin's credibility, *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005). The striking similarities between the statement Lin submitted in support of her asylum application and statements from Lin's mother and boyfriend provide ample support for the agency's adverse credibility finding.

The documents closely resemble each other in length, structure, content, and phrasing. Among other parallelisms, each of the documents contains five paragraphs, and the text of each paragraph contains similar information: for example, the second paragraph of each letter discusses Lin's relationship with her boyfriend and when she became pregnant; the third paragraph discusses her discovery of the pregnancy and the circumstances of the ensuing abortion; and the fourth paragraph discusses the 8,000 renminbi ("RMB")

3

fine imposed on her and an alleged threat of arrest as a consequence of nonpayment of the fine. Moreover, the texts resemble each other as well. For example, Lin's statement, "One week after the abortion, the family planning officials told me to pay RMB 8,000 fine," approximates Lin's boyfriend's statement, "One week after the abortion, the family planning officials asked her to pay RMB 8000 of fine." And Lin's statement, "My mother and I kept begging them to let go of me and the innocent fetus in my abdomen," echoes Lin's mother's statement, "We were very scared and begged them to let go of my daughter and the baby in her abdomen."

Despite Lin's repeated assertions that, although she asked her mother and boyfriend to write letters on her behalf, she did not dictate the contents of their statements, the agency reasonably found implausible that the similarities between the documents were merely coincidental, particularly, as the IJ noted, in light of the "different educational background of the authors, who resided at different residences." As we have stated, "striking similarities between affidavits are an indication that the statements are 'canned,'" and as such, undermine an

4

applicant's credibility. *Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 524 (2d Cir. 2007); *see also Surinder Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006). Thus, in making its credibility determination, the agency reasonably relied on the remarkable similarities between the documents Lin provided. *See Mei Chai Ye,* 489 F.3d at 526 (holding that once an IJ has noted remarkable similarities between affidavits and complied with procedural safeguards, it is reasonable to conclude that an applicant's general credibility is undermined).

The agency's adverse credibility determination was thus supported by substantial evidence. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). We therefore hold that the agency did not err in denying asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk